**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

WILLIAM HAMILTON,
    *Defendant-Appellant.*

No. 02-4459

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

SAM GREEN, JR.,
    *Defendant-Appellant.*

No. 02-4474

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

ANTHONY KING, a/k/a Dickie, a/k/a
Jaz, a/k/a Ghost,
    *Defendant-Appellant.*

No. 02-4649

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Sol Blatt, Jr., Senior District Judge.
(CR-00-263)

Submitted: June 10, 2003

Decided: June 27, 2003

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

**COUNSEL**

Debra Y. Chapman, DEBRA Y. CHAPMAN, P.A., Columbia, South Carolina; Wesley Locklair, JOYE & LOCKLAIR, P.A., Murrells Inlet, South Carolina; A. Peter Shahid, Jr., SHAHID LAW OFFICE, L.L.C., Charleston, South Carolina, for Appellants. J. Strom Thurmond, Jr., United States Attorney, Nancy C. Wicker, Assistant United States Attorney, Columbia, South Carolina; Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

___

**OPINION**

PER CURIAM:

In these consolidated appeals, William Hamilton, Sam Green, Jr., and Anthony King challenge their convictions and sentences. All three Appellants were convicted by a jury of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) & 846 (2000). King was also convicted of conspiracy to use firearms during and in relation to drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), (o) (2000). Green was also convicted on two counts of possession with intent to distribute less than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). On appeal, Green challenges his sentence. Green and Hamilton both claim the district court erred by not granting

Green's motion for severance. King claims the district court erred by admitting evidence of a rifle found in a trailer home from which he distributed crack cocaine. All the Appellants claim the district court erred by not granting a motion for a mistrial after a Government witness referenced a polygraph examination. Finding no reversible error, we affirm.

The jury found Green was involved in a conspiracy to possess with intent to distribute less than five grams of crack cocaine. Because he had a prior felony drug conviction, he faced a maximum term of imprisonment of thirty years. *See* 21 U.S.C. § 841(b)(1)(C) (2000). At sentencing, the district court found as relevant conduct that Green was responsible for seventy-eight grams of crack cocaine. As a result, he was sentenced to 135 months' imprisonment. Because he was sentenced below the statutory maximum, there was no error. *United States v. White*, 238 F.3d 537, 541 n.4 (4th Cir. 2001); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000). In addition, the court's factfinding at sentencing was not clearly erroneous.

We find the district court's denial of Green's motion for severance was not clearly erroneous. *United States v. Montgomery*, 262 F.3d 233, 244 (4th Cir. 2001). Likewise, we find the court did not abuse its discretion admitting evidence of a firearm found in the trailer from which King distributed drugs. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Finally, we find the court did not abuse its discretion denying the motion for a mistrial.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*